In the Matter of the Accounting of MINER W. TUTTLE, as Executor of MELVIN G. PALLISER, Deceased Executor, and WILLIAM DUNKAK et al., as Surviving Executors of BERNHARD ZAHN, Deceased, Appellants. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents.

Argued April 20, 1949; decided July 19, 1949.

*James N. Vaughan* for appellant. I. Every death duty without exception is an excise tax whether the form of the duty is that of a legacy tax, succession tax, privilege tax or estate tax. Every death duty diminishes by the amount of such duty the value of the property to which a beneficiary of any kind accedes. This effect of the tax is most conspicuous in relation to an estate tax which is an indirect excise tax taking effect at the instant of death and before the title of any beneficiary to taxable property has been perfected. (*United States* v. *Perkins,* 163 U. S. 625; *New York Trust Co.* v. *Eisner,* 256 U. S. 345; *Edwards* v. *Slocum,* 264 U. S. 61; *Y. M. C. A.* v. *Davis,* 264 U. S. 47; *Matter of Swift,* 137 N. Y. 77; *Matter of Penfold,* 216 N. Y. 163.) II. The basic policy of the Federal Government is to collect the estate tax and to concern itself in no way with its ultimate impact. The State is authorized to decide (a) how the tax shall be apportioned, and (b) by what means assurance shall be had for giving effect to its principles of apportionment. (*Riggs* v. *Del Drago,* 317 U. S. 95; *Fernandez* v. *Wiener,* 326 U. S. 340.) III. In accordance with its recognized power to decide upon the ultimate impact or thrust of the Federal estate tax, the State of New York, chiefly by section 124 of the Decedent Estate Law, has provided a method for subjecting all taxable property within its jurisdiction to the burden of a fair contribution to the Federal estate tax. This legislative method reaches to the property in the hands of third parties. (*Matter of Scott,* 249 App. Div. 542, 274 N. Y. 538; *Northwestern Mut. Life Ins. Co.* v. *Central Hanover Bank & Trust Co.,* 302 U. S. 721.) IV. The lienor in the first instance was the tax collector. Since the executors paid the tax they were subrogated to the lien rights of the tax collector and may now require the insurer to make good the damage suffered by the gratuitous transfer from the insurer to the beneficiary of the property subject to the lien which transfer was made without taking measures to protect the lien. (*Detroit Bank* v. *United States,* 317 U. S. 329; *Fernandez* v. *Wiener,* 326 U. S. 340; *Heymann* v. *Viane,* 252 N. Y. 159; *Rosenberg* v. *McLaughlin,* 66 F. 2d 271; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492; *Kortright* v. *Cady,* 23 Barb. 490; *Mutual Life Ins. Co.* v. *Newell,* 78 Hun 293, 144 N. Y. 627.)

*Eugene T. O'Neill, Sterling Pierson, Leo D. Fitzgerald* and *Stuart McCarthy* for the Equitable Life Assurance Society of the United States, respondent. I. Section 124 of the Decedent Estate Law provides that an executor who has paid an estate tax upon property required to be included in the gross estate of a decedent may equitably prorate the tax among the " persons interested in the estate ". When it is so prorated, the apportioned tax may be collected from " whomever is in possession " of such taxable property, or from the persons interested in the estate. The respondent society is not a " person interested in the estate " of the decedent, nor does it have in its possession property belonging to such a person, and, payment of the policy proceeds having been made in accordance with the contract terms, respondent is subject to no further liability. (*Matter of Buckman*, 270 App. Div. 707, 296 N. Y. 915; *Matter of Oppenheimer*, 166 Misc. 522; *Matter of Scott*, 249 App. Div. 542; *Matter of Sullivan*, 185 Misc. 21; *John Hancock Mut. Life Ins. Co.* v. *Helvering*, 128 F. 2d 745.) II. The provisions of the Internal Revenue Code give neither the Federal Government nor the executor any right to collect from an insurer the proportionate share of a Federal estate tax resulting from the inclusion in the estate for tax purposes of the proceeds of a policy of insurance payable to a third-party beneficiary. (*John Hancock Mut. Life Ins. Co.* v. *Helvering*, 128 F. 2d 745; *Marks* v. *Equitable Life Assur. Soc.*, 135 N. J. Eq. 339; *Commercial Trust Co.* v. *Thurber*, 136 N. J. Eq. 471; *Matter of Sullivan*, 185 Misc. 21.) III. An interpretation of section 124 of the Decedent Estate Law which would permit an executor who has paid an estate tax, as a result of the inclusion in the gross estate for tax purposes of the proceeds of life insurance payable to a third party, to collect the prorata share of the tax resulting therefrom from the insurer would render the statute unconstitutional under the supremacy doctrine. (*John Hancock Mut. Life Ins. Co.* v. *Helvering*, 128 F. 2d 745; *Riggs* v. *Del Drago*, 317 U. S. 95; *Matter of del Drago*, 287 N. Y. 61; *Matter of Scott*, 274 N. Y. 538.) IV. The executors are not subrogated to the rights of the Government, for subrogation does not arise from payment of an obligation by the one primarily liable therefor, nor when, at the time of payment, the intent is to extinguish such debt. The insurer was not liable for the payment of the

tax, and the executors received no right under subrogation, to collect the tax from the insurer. (*Y. M. C. A.* v. *Davis,* 264 U. S. 47; *Edwards* v. *Slocum,* 287 F. 651, 264 U. S. 61; *Matter of Hamlin,* 226 N. Y. 407; *Farmers' Loan & Trust Co.* v. *Winthrop,* 238 N. Y. 488; *Matter of Oakes,* 248 N. Y. 280; *Higley* v. *Commissioner of Internal Revenue,* 69 F. 2d 160.) V. The proceeds of the insurance policy involved here were not taxable in 1937, when payment was made to the assignee, and those proceeds were improperly included in the gross estate for tax purposes. Under no theory of law can the insurer be held liable for a failure to withhold a portion of the policy proceeds for the purpose of paying the tax, since no tax was due. (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127; *Matter of Tierney,* 176 Misc. 675; *Nichols* v. *Coolidge,* 274 U. S. 531; *Lewellyn* v. *Frick,* 268 U. S. 238; *Bingham* v. *United States,* 296 U. S. 211; *Commissioner of Internal Revenue* v. *State St. Trust Co.,* 128 F. 2d 618.) VI. No apportionment of the estate tax under section 124 of the Decedent Estate Law could be made against the insurance proceeds payable to the divorced wife of decedent because she received those proceeds as a contract creditor of the deceased and her right to those proceeds vested at the time the policy was assigned to her, at which time the proceeds were not taxable. (*Matter of Strebeigh,* 176 Misc. 381; *Matter of Brokaw,* 180 Misc. 490, 267 App. Div. 811, 293 N. Y. 555; *Matter of Oppenheimer,* 166 Misc. 522.)

*James D. Ewing* and *Eugene Z. Du Bose* for Life Insurance Association of America, *amicus curiæ,* in support of respondents' position. I. Under section 124 of the Decedent Estate Law, respondent insurer was not liable to the executors for the proportionate share of the Federal estate tax allocated to the policy, since that statute imposes no tax and since respondent insurer was not a " person interested in the estate " nor a person who " is in possession " of taxable property within the meaning of that statute. Section 124 is not a taxing statute and the United States has no right of recovery thereunder to which an executor could be subrogated or succeed. (*Matter of Buckman,* 270 App. Div. 707, 296 N. Y. 915.) II. Section 124 did not confer upon the executors any right to proceed against respondent insurer which was not a person " interested in the estate "

nor " in possession " of " property required to be included in the gross estate." (*John Hancock Mut. Life Ins. Co.* v. *Helvering*, 128 F. 2d 745; *Crossman* v. *Rauch*, 263 N. Y. 264; *Latterman* v. *Guardian Life Ins. Co.*, 280 N. Y. 102; *Holmes* v. *John Hancock Mut. Life Ins. Co.*, 288 N. Y. 106; *Chase Nat. Bank* v. *United States*, 278 U. S. 327.) III. The New York statutes expressly authorized an insurer to pay insurance proceeds as a death claim to the person entitled to receive them pursuant to its policy contract without delay and without incurring any liability for New York estate tax; hence section 124 of the Decedent Estate Law is not properly subject to a construction which holds such insurer as having paid at its peril as far as any Federal estate tax is concerned. (*Matter of Hard*, 261 App. Div. 192; *Matter of Weiden*, 263 N. Y. 107; *Matter of Erdmann*, 172 Misc. 806; *Matter of Riegelmann*, 178 Misc. 475.) IV. The relevant Federal statutes give neither the Federal Government nor the executors any right to proceed against the respondent insurer, under the circumstances here disclosed. The Federal estate tax is a charge upon the entire estate and is primarily and in the first instance an obligation of the executor; although the tax is a lien against the entire estate, it does not give the United States title to any particular property. (*Riggs* v. *Del Drago*, 317 U. S. 95; *United States* v. *Woodward*, 256 U. S. 632; *Matter of Hamlin*, 226 N. Y. 407.) V. Under the Internal Revenue Code, beneficiaries and not insurers are liable for the apportioned share of the Federal estate tax. (*John Hancock Mut. Life Ins. Co.* v. *Helvering*, 128 F. 2d 745; *Marks* v. *Equitable Life Assur. Soc. of U. S.*, 38 A. 2d 833; *Commercial Trust Co.* v. *Thurber*, 42 A. 2d 571, 45 A. 2d 672; *Matter of Sullivan*, 185 Misc. 21.) VI. A construction of section 124 as giving the executors here the right to proceed against the insurer which paid the death claim pursuant to its contract prior to any determination of the tax would violate the " supremacy " clause in that it would result in the invasion of a field already pre-empted by Congress through the enactment of sections 826(c) and 827(b) of the Internal Revenue Code. (*Riggs* v. *Del Drago*, 317 U. S. 95; *United States* v. *Texas*, 314 U. S. 480; *Frick* v. *Pennsylvania*, 268 U. S. 473; *Knowlton* v. *Moore*, 178 U. S. 41; *United States* v. *Snyder*, 149 U. S. 210; *Priedeman* v. *Jamison*, 202 S. W. 2d 900.)

BROMLEY, J. The question for decision in this case is whether an insurance company, which promptly paid the proceeds of a life insurance policy directly to the beneficiary on the death of the insured, is liable to the executor of the latter for that portion of the Federal estate tax attributable to the proceeds of such policy which were paid by the executor to the Federal taxing authority. The problem arises because the beneficiary, having squandered the proceeds of the policy, died destitute, before it was realized or determined that the proceeds of the policy should have been included in the gross estate for Federal estate tax purposes. The Appellate Division has reversed the Surrogate's ruling that the carrier is liable for such tax. The issue thus presented involves the determination of whether section 124 of the Decedent Estate Law or any applicable provisions of the Internal Revenue Code (U. S. Code, tit. 26) authorize collection by the executors from the insurance carrier. Stated otherwise, the question is whether under either State or Federal law an insurance carrier is constituted a withholding agent for the collection of estate taxes so as to impose liability upon it for possible taxes assessable against the proceeds of policies paid over to a beneficiary.

Bernhard Zahn, the insured under a $50,000 policy issued by the Equitable Life Assurance Society of the United States, died in May, 1937. In July, 1937, Ada E. Zahn, beneficiary, received the entire proceeds of the policy. In 1940, upon a reaudit of the estate after a claim by the executors for refund of Federal estate taxes, the Treasury Department increased the gross estate by including therein the amount of the $50,000 policy and assessed a deficiency, on the authority of the ruling of the Supreme Court of the United States in *Helvering* v. *Hallock* (309 U. S. 106). The ruling was said to be applicable because the insurance moneys were payable to the executors of the insured's estate in the event that the beneficiary predeceased the insured. The executors effected a compromise and paid the claim on May 31, 1941. Thereafter they undertook a final settlement of their accounts and petitioned for an order directing payment by the proper parties of proportionate shares of estate taxes paid by the executors. Ada E. Zahn and Equitable were named in the alternative as holders of taxable interests. Ada E. Zahn had died, destitute, in 1940, having

previously dissipated the funds of the policy received by her. It was not until the filing of the executors' supplemental account and petition in 1945 that any formal action was taken to have that portion of the Federal estate tax allocable to the policy of life insurance charged against the insurance carrier.

The executors have appealed from the order of the Appellate Division on the ground that section 124 of our Decedent Estate Law and section 827 of the Internal Revenue Code compel a conclusion that Equitable is liable for the tax.

The purpose in enacting section 124 was to alleviate the burden of an entire estate tax falling on the residuary estate of a decedent and to provide statutory authority for an equitable apportionment of both Federal and State estate taxes as against all transfers of property included in the gross estate (Report of Comm. to Investigate Defects in the Laws of Estates, N. Y. Legis. Doc., 1930, No. 69, p. 197). Estate taxes are to be apportioned among the " persons interested in the estate". Generally such apportionment will be made before any distribution of funds by the executor, and no difficulty will be encountered in charging the prorata share of taxes to individual bequests. However, where property required to be included in the gross estate does not come into the possession of the executor, he must seek reimbursement of the proportionate share of taxes attributable to such property. The statute specifically provides for this contingency. In such cases the executor shall be entitled, and it shall be his duty, to recover the proportionate amount of the tax from " whomever is in possession " of the taxable property or from the " persons interested in the estate ". By reference to section 249-m of the Tax Law we are given the definition of " persons interested in the estate ". Such persons are those " who may be entitled to receive or who have received any property or interest which is required to be included in the gross estate of a decedent, or any benefit whatsoever with respect to any such property or interest ".

The executors' right to seek reimbursement from the insurance carrier under authority of section 124 depends upon whether the insurance carrier reasonably falls within one of the two classes of persons named in the statute. Under the facts of the instant case, the insurance carrier cannot be said

to be either one in possession of the property or a person interested in the estate.

Section 124 in effect provides that an executor, after paying the Federal and State estate taxes, may apply to the Surrogate to have the amount of the tax so paid (unless the will of the decedent otherwise directs) "equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." The second paragraph of section 124 reads in part as follows: "In all cases in which any property required to be included in the gross estate does not come into the possession of the executor as such, he shall be entitled, and it shall be his duty, to recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable under the provisions of this section, and the surrogate may by order direct the payment of such amount of tax by such persons to the executor."

Since Equitable paid out the entire proceeds of the policy to the beneficiary in 1937, it is not now in fact "in possession" of any of the proceeds of the policy. According to the Surrogate, Equitable might be deemed still in possession on the theory that the proceeds were segregated into two separate funds at the moment of insured's death (one for the payment of the tax, the other for the beneficiary) and Equitable failed to pay over to the proper party the fund segregated for payment of taxes. Under the Surrogate's theory, the insurance company becomes in effect a withholding agent for the taxing authorities. Section 124 is an apportionment statute, not a taxing statute; collection by the executor or administrator is authorized merely to insure that apportionment will be accomplished. Alternative categories are described to insure prompt and equitable reimbursement of the executors. If the "person interested in the estate" is not in possession of the property, the statute authorizes collection from "whomever is in possession". The period for determining "possession" is at the time when the executor seeks reimbursement. In *Matter of Scott* (249 App. Div. 542, affd. 274 N. Y. 538) we affirmed the holding of the Appellate Division that an insurance company

could be held liable for the proportionate share of the tax attributable to proceeds of insurance policies held *on deposit* by it. It was there thought that a sufficient change in the nature of the holding had taken place to justify an assertion that the insurance company was "in possession" of the property though the funds had not been segregated from the general funds of the company. That case did not hold, however, that the funds on deposit with the company had been segregated so as to reserve a portion for taxes and the remainder for the beneficiaries.

Appellants urge that liability should be imposed upon the insurance company as a "person interested in the estate", since it "received" the property and obtained a "benefit" upon discharge of its obligation. Such an interpretation is an unnecessarily strained application of the statute and results in an unwarranted distortion of the definition. We hold that a "person interested in the estate" can only mean a person who has a *beneficial* interest in the estate and who expects to share, or has received a share of assets left by the decedent.

Since section 124 furnishes no authority for the executors' attempt to recover from the insurance carrier, we must look therefore to the provisions of the Internal Revenue Code for any sanction for their action.

The Internal Revenue Code makes no provision generally for apportionment of Federal taxes assessed against an estate. The tax is upon the gross estate as such and is paid by the executor from the estate. He alone is liable to the Federal Government. The ultimate incidence of the estate tax is a matter of State law (*Riggs* v. *Del Drago,* 317 U. S. 95). However, the Federal statute specifically provides for recovery by the executor of taxes paid on proceeds of insurance receivable by a beneficiary other than the executor (U. S. Code [1940 ed.], tit. 26, § 826, subd. [c]). Under that section the executor "shall be entitled to recover from *such beneficiary* such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate" (emphasis supplied). It is clear that under this section a beneficiary of insurance proceeds is the only one upon whom liability is cast. Subdivision (b) of section 827 imposes personal liability for the proportionate share of unpaid taxes attributable to property not coming into the hands

of the executor but liability under this section is limited to a " transferee, trustee, or beneficiary ". An insurance company is not a transferee or trustee and is therefore not covered by the statute. (*John Hancock Mut. Life Ins. Co.* v. *Helvering,* 128 F. 2d 745 [C. A. D. C., 1942]; *Hughes* v. *Sun Life Assur. Co.,* 159 F. 2d 110 [C. C. A. 7th, 1946].)

There may be good reasons for making the insurance company responsible for the tax. There are equally good, if not more impelling, reasons why such a course would be undesirable. In view of the uncertainty of the amount of the tax until the entire gross estate is ascertained, a lapse of several years could ensue before payment might be made under a policy. The instant case furnishes a good example of the difficulties which might be encountered. Liability should be imposed, if at all, only upon clear and unmistakable statutory language to that effect.

The order of the Appellate Division should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Order affirmed.