ESTATE OF ELEANOR G. PLESSEN, DECEASED, THE BANK OF NEW YORK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51158. Filed March 26, 1956.

---

[2] Petitioner testified that his service in both hospitals was "practically identical."

*Donald M. Harris, Esq.*, for the petitioner.
*James J. Quinn, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* This proceeding involves a deficiency in estate tax in the amount of $7,075.60, determined by respondent under the provisions of the 1939 Code.

The sole issue is whether the Estate of Eleanor G. Plessen is entitled to a deduction for property previously taxed in a prior decedent's estate as provided in section 812 (c),[1] measured by the full value of such property or whether such deduction is limited to such value minus the Federal estate taxes thereon, for which she was liable and which her executor paid.

The parties have stipulated that the petitioner will incur additional attorneys' fees and expenses incident to this proceeding which are to be allowed as an additional deduction to the estate and that the amount thereof may be given effect in a Rule 50 computation.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Petitioner is the duly appointed and acting executor of the Estate of Eleanor G. Plessen, deceased. The estate tax return was filed with the former collector of internal revenue for the third district of New York.

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. Property includible in the gross estate of the prior decedent under section 811 (f) and property included in total gifts of the donor under section 1000 (c) received by the decedent described in this subsection shall, for the purposes of this subsection, be considered a bequest of such prior decedent or gift of such donor. This deduction shall be allowed only where a gift tax imposed under Chapter 4, or under Title III of the Revenue Act of 1932, 47 Stat. 245, or an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this subsection, section 861 (a) (2), or the corresponding provisions of any prior Act of Congress, in respect of the property or property given in exchange therefor.

Eleanor G. Plessen, who died on September 1, 1949, was the daughter of George A. Whiting. On March 23, 1931, Whiting transferred to himself and to Eleanor, as joint tenants with the right of survivorship, 3,800 shares of stock of Standard Wholesale Phosphate and Acid Works, Inc. (hereinafter referred to as Standard). Whiting died testate on September 7, 1947, a resident of the State of Maryland. At the time of his death, stock dividends had increased the number of Standard shares to 4,009. Upon Whiting's death, such shares became the property of Eleanor.

Pursuant to the provisions of section 811 (e) of the 1939 Code,[2] such shares were included in Whiting's gross estate for Federal estate tax purposes. The parties have agreed that the value of such shares at the time of Whiting's death was $168,378. Because Whiting's will did not provide against apportionment of his estate taxes, the portion of such taxes applicable to the Standard shares, and for which Eleanor was liable, was $51,482.49. Although Eleanor received the shares and subsequently exchanged them for other shares of stock, she had not paid her proportionate share of Whiting's estate taxes at the time of her death. The petitioner herein paid Eleanor's share of such taxes in the amount of $51,482.49 to the surviving executors of Whiting's estate on August 30, 1951.

In computing Eleanor's estate tax, the petitioner claimed a deduction for property previously taxed in the amount of the full value of the Standard shares. The respondent reduced the deduction for previously taxed property by $51,482.49, the proportionate share of Whiting's estate tax attributable to such stock, but excluded such sum in determining the value of Eleanor's net estate.

The petitioner concedes that Eleanor was liable for that portion of her father's estate tax attributable to the Standard shares and it, of course, argues that the shares qualify as previously taxed property within the meaning of section 812 (c). But it further argues, however, that the value of the property for purposes of that section is not to be reduced by estate taxes of Whiting's estate attributable to such shares, because the shares were actually an inter vivos gift made by Whiting in 1931, which ripened into full ownership by Eleanor when her father died in 1947.

---

[2] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(e) JOINT AND COMMUNITY INTERESTS.—

(1) JOINT INTERESTS.—To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth : \* \* \*

We think that argument is without merit. Although the Standard shares may have been an inter vivos gift to Eleanor in 1931, she did not become the sole owner thereof until her father's death. The shares, as the parties agree, were therefore properly includible in his gross estate under section 811 (e) because they constituted property "held as joint tenants by the decedent and" Eleanor. Since the shares were "property * * * forming a part of the gross estate * * * of * * * [a] person who died within five years prior to the death of" Eleanor, they qualify, as the parties further agree, as property previously taxed in valuing Eleanor's estate. And we can see no reason why the Standard shares which so qualify as previously taxed property under section 812 (c) should be valued any differently from any other property similarly qualifying for the deduction provided for in that section. Eleanor conceded her liability for her proportionate share of her father's estate taxes attributable to the Standard stock, and her executors subsequently satisfied that liability. Thus, the value of the property which she received from her father's estate was its net value after the estate taxes attributable thereto had been deducted. *Estate of Roswell G. Ackley*, 23 T. C. 639 (1955) ; *Central Hanover B. & T. Co.* v. *Commissioner*, 159 F. 2d 167 (C. A. 2, 1947), affirming 5 T. C. 1246 (1945), certiorari denied 331 U. S. 836 (1947) ; *Estate of Eugene L. Bender*, 41 B. T. A. 80 (1940), affirmed sub nom. *Bahr* v. *Commissioner*, 119 F. 2d 371 (C. A. 5, 1941), certiorari denied 314 U. S. 650 (1941). In the *Ackley* case, we said that the deduction for previously taxed property is to be limited to so much of a prior decedent's net estate as might be identified in the estate of a subsequent decedent who died within 5 years; and that it matters not whether the estate taxes of the prior estate were paid with estate assets, from estate income or capital gains, or as here, by the second decedent or his estate, from his own funds. There is nothing in the instant case which distinguishes it from the cited cases or which warrants our taking it from under the rule announced therein. We think the respondent was correct in determining that the deduction for previously taxed property for Eleanor's estate was the agreed-upon value of the Standard shares less the $51,482.49 of Whiting's estate taxes attributable to such shares and paid by Eleanor's executor.

*Decision will be entered under Rule 50.*