ESTATE OF WILLIAM CHURCH OSBORN, DECEASED, FREDERICK H. OSBORN AND EARL D. OSBORN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55713. Filed April 18, 1957.

*Windsor B. Putnam, Esq.,* for the petitioners.
*Ellyne E. Strickland, Esq.,* for the respondent.

### OPINION.

RAUM, *Judge:* The Commissioner determined a deficiency in estate tax in the amount of $28,048.62 against the Estate of William Church Osborn, who died on January 3, 1951. The present controversy involves the correctness of three interrelated adjustments made by the Commissioner with respect to certain personal property that had previously been included in the gross estate of the decedent's wife, who died on March 30, 1946. The facts have been stipulated, and the stipulation is incorporated herein by reference as our findings.

The property in question had been held jointly by decedent and his wife; it passed to him upon her death, and it was valued at $165,524.75 in her gross estate. The Federal and New York estate taxes payable with respect to that property as part of her estate were $87,869.69. Pursuant to New York law, the husband was obligated to reimburse his wife's executors for those taxes, and after his death a New York court, on April 23, 1952, entered a decree ordering his executors to reimburse her executors in that amount. The $87,869.69 was in fact paid shortly thereafter, on or about May 7, 1952.

Of the total of $165,524.75 jointly held property, items in the aggregate amount of $91,396.75 were still owned by the husband at the date

of his death, but they then had a value of $74,636.50. The remaining items aggregating $74,128 which were included in the wife's gross estate had been disposed of by the husband before his death; those items included two paintings valued at $70,000 which he had given to the Metropolitan Museum of Art.

Of the $87,869.69 estate taxes in respect of the foregoing personal property included in the wife's gross estate, $48,818.40 was applicable to those items valued at $74,636.50 in the gross estate of the husband, and the remaining $39,051.29 in estate taxes was attributable to the items which the husband had disposed of before his death.

In filing the estate tax return here in issue, petitioners included in the gross estate the foregoing personal property owned by the decedent at the date of his death. At the same time they treated such personal property as property previously taxed, using the amount of $74,636.50 as the basis upon which to compute the deduction under section 812 (c), Internal Revenue Code of 1939; [1] and they also deducted as a debt or claim against the estate (pursuant to section 812 (b)) [1] the amount of $87,869.69 which the New York court had ordered the executors to pay as contribution for estate taxes applicable to all the joint personal property included in the gross estate of the prior decedent.

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(3) for claims against the estate, &ast; &ast; &ast;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

as are allowed by the laws of the jurisdiction, whether within, or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth &ast; &ast; &ast;

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. &ast; &ast; &ast; This deduction shall be allowed only where a gift tax imposed under Chapter 4, or under Title III of the Revenue Act of 1932, 47 Stat. 245, or an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate &ast; &ast; &ast;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Where a deduction was allowed of any mortgage or other lien in determining the gift tax, or the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this subsection shall be reduced by the amount so paid. &ast; &ast; &ast;

The Commissioner made adjustments in respect of each of these three items. In the first place, he disallowed in full the deduction of $87,869.69 as a debt of the decedent. However, he also reduced the amount of the personal property included in the decedent's gross estate to $25,818.10, by subtracting $48,818.40 (that portion of the prior decedent's estate taxes applicable to such property). In substance, this adjustment had the effect simply of neutralizing the first adjustment to the extent of the estate taxes allocable to the personal property included in both estates. And finally, the Commissioner reduced the property previously taxed ($74,636.50) by subtracting the applicable estate taxes, namely, $48,818.40, thus shrinking the property previously taxed to $25,818.10 for the purpose of determining the deduction applicable thereto.

Petitioners contest respondent's action (a) in reducing the property previously taxed by $48,818.40, the amount of death taxes applicable to the property that was included in the estates of both decedents; and (b) in disallowing the deduction of $87,869.69.

The Commissioner's reduction of the property previously taxed under section 812 (c) and his disallowance of a deduction for claim or debt under section 812 (b) with respect to that portion of the $87,869.69 equal to the claim for reimbursement of death taxes (in the amount of $48,818.40) allocable to the personal property still owned by the husband at his death are squarely supported by *Estate of Eleanor G. Plessen*, 25 T. C. 1301.[2] Petitioners recognize the applicability of the *Plessen* case, but contend that it was incorrectly decided and ask that it be overruled. We have studied the problem carefully, and, although the matter may not be wholly free from doubt, we are not satisfied that the *Plessen* case is wrong. Moreover, the Court of Appeals for the Ninth Circuit has since reached a result in accord with the *Plessen* case. *Bank of America National T. & S. Assn.* v. *United States*, 237 F. 2d 942, affirming 116 F. Supp. 133 (N. D., Cal.). In the circumstances, we will follow the *Plessen* case here.

Petitioners make an alternative argument with respect to the deduction sought on account of the wife's executors' claim for reimbursement for death taxes. They argue that to the extent that such claim related to reimbursement for the wife's death taxes allocable to property given away by the decedent during his lifetime the *Plessen* case is inapplicable, and that a deduction in the amount of $39,051.29 should be allowed. We agree that this aspect of the case is not covered by the *Plessen* decision, which was concerned only with

---

[2] Although the Opinion in the *Plessen* case does not clearly so indicate, that case did involve a deduction for the claim of reimbursement of death taxes as well as the related deduction for property previously taxed. The Commissioner had made comparable adjustments in that case which were approved by this Court.

property included in the gross estates of both decedents and the consequences arising from the payment of death taxes with respect to such property included in the estate of the first decedent. That case did not deal with the alternative argument made by petitioners herein. Indeed, the matter was of no moment to the parties in that case (just as it is of no consequence here to the extent that the property appears in the gross estates of both decedents) because the denial of the deduction was offset by the Commissioner's companion adjustment in reducing the amount of the property included in the gross estate.

In the present case, however, we are squarely faced with the question to the extent that the property had been disposed of prior to the second decedent's death, since there could be no comparable neutralizing adjustment reducing the amount of the gross estate.

We are satisfied that the claim of the wife's executors against the husband's estate for reimbursement of her estate taxes is deductible. It was certainly a "claim" against the husband's estate. It was not a claim of the Federal or State government for taxes; it was the claim of the wife's executors, under New York law, for reimbursement. Cf. *Riggs* v. *del Drago*, 317 U. S. 95; *In re Zahn's Estate*, 300 N. Y. 1, 87 N. E. 2d 558. Accordingly, the provision in section 812 (b) denying deduction for death taxes has no application here.[3] Finally, section 812 (b) is not limited to claims arising under contract, and the Commissioner's refusal to allow the deduction on the ground that the decedent "was not a contracting party" therefore cannot be sustained.

We hold that the *Plessen* case is applicable as to the property previously taxed, but we approve petitioners' alternative contention with respect to the deduction for the claim of reimbursement for death taxes relating to property not included in the husband's gross estate.

*Decision will be entered under Rule 50.*

---

[3] Moreover, the legislative history of this provision suggests that it was intended to apply only to death taxes imposed with respect to the estate of the decedent in question and that Congress was not concerned with a claim for death taxes relating to some other decedent, which, as far as the decedent in question would be concerned, would be the same as any other claim. See H. Rept. No. 767, 65th Cong., 2d Sess. (1918), p. 22.

