## THOMAS v. EARNEST.

### No. 11819.

Circuit Court of Appeals, Fifth Circuit.

May 23, 1947.

HUTCHESON, Circuit Judge, dissenting.

---

Irving I. Axelrad, Sp. Asst. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and Robert B. Young, Jr., U. S. Atty., of Fort Worth, Tex., and William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellant.

Mark Martin, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

Plaintiff, the executor of the Estate of Joseph Earnest (hereinafter referred to as "present decedent"), who died testate in Texas, on October 10, 1940, brought this suit to recover $3,150.55, plus interest, by which amount he allegedly overpaid the tax on the said estate. Present decedent's wife, Helen Katherine Earnest (hereinafter referred to as "prior decedent"), who died on September 17, 1938, bequeathed one half of her share of the community estate, less certain small specific bequests, to present decedent. Without any formal administration of the prior decedent's estate, the present decedent, as community survivor, held the community estate intact. On January 16, 1940, a federal estate tax of $9,337.82 was paid on the estate of prior decedent, and on February 27, 1942, an assessed deficiency federal estate tax in the amount of $15,762.70 and interest in the sum of $2,075.41 were paid.

On January 7, 1942, a federal estate tax of $29,705.13 was paid on the estate of the present decedent, and on February 27, 1942, an assessed deficiency federal estate tax in the amount of $25,454.32 and interest in the sum of $199.38 were paid. On February 19, 1945, plaintiff filed claim for refund of

---

$3,150.55; the Commissioner of Internal Revenue rejected the claim. From an adverse judgment, defendant brings this appeal.

Both parties concede that, in the computation of the federal estate tax on the present decedent's estate, credit should be permitted as provided by Internal Revenue Code, § 812 (c),[1] against the "value of * * * the gross estate" for "an amount equal to the value of any property (A) forming a part of the gross estate * * * of any person who died within five years prior to the death of the decedent * * * *where such property can be identified as having been received by the decedent * * *.*" (Emphasis added.)

The only question presented by this appeal is the ascertainment of "an amount equal to the value of any property" received by the present decedent from the estate of the prior decedent.

At the date of the death of the prior decedent the gross value of the property bequeathed to the present decedent was $154,703.42, and at the date of the death of the present decedent, $167,293.13. The

parties agree that the sum of $154,703.42 was correctly used for computing the deduction for property previously taxed and that from this figure was properly deducted, under the terms of the second paragraph of § 812 (c) the amount of $13,125.00 paid on mortgages between the dates of the death of prior decedent and present decedent. Plaintiff contends that the difference between $154,703.42 and $13,125.00, or $141,578.42, is the amount that should be deducted from the "value of * * * the gross estate" to obtain "an amount equal to the value of any property" received by the present decedent.

The Bureau of Internal Revenue in computing "an amount equal to the value of any property" subtracted from $141,578.42 the sum of $20,631.23. Said reduction increased the estate tax of the present decedent by the amount of $3,150.55. Plaintiff contends that the deduction of the sum of $20,631.23 was erroneous.

The sum of $20,631.23 was the total amount of the following obligations of the prior decedent's estate, attributable to present decedent's share therein and re-

---

[1] Internal Revenue Code:

"§ 812. Net estate.

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

* * * * * * * *

"(c) Property previously taxed. An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax imposed under chapter 4, or an estate tax imposed under this subchapter, the Revenue Act of 1926, 44 Stat. 69, or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the

amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of prior decedent no deduction was allowable under this paragraph in respect of the property or property given in exchange therefor.

"Where a deduction was allowed of any mortgage or other lien in determining the gift tax, or the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid. The deduction allowable under this subsection shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions under subsections (a), (b) and (d) as the amount otherwise deductible under this subsection bears to the value of the decedent's gross estate. Where the property referred to in this subsection consists of two or more items the aggregate value of such items shall be used for the purpose of computing the deduction". 26 U.S.C.A. Int.Rev.Code, § 812.

maining outstanding at the date of present decedent's death:

One-half of the estate tax due on prior estate............. $11,276.48

Interest on above item........ 546.89

One-half of Texas inheritance tax ........................ 1,590.37

One-half of income tax (1938 additional) ................... 1,455.15

Interest on above to Oct. 10, 1940 .....·.................. 137.34

One-fourth of mortgage on prior estate ................ 5,625.00

The $5,625 item represents the pro rata share of a mortgage outstanding at the date of the death of the present decedent on real property obtained by the present decedent from the estate of the prior decedent.

The $1,590.37 represents one-half of the Texas inheritance tax due on the estate of the prior decedent and paid since the death of the present decedent.

In the ordinary case there would be no question as to what figures with respect to value should be used in computing the deduction for property previously taxed because the estate of the prior decedent would have been completely administered. Sufficient property would have been liquidated prior to completing administration to pay the debts of the prior decedent. That the prior decedent's estate had not been formally administered on the date of the death of the present decedent and debts secured by liens had not been paid distinguishes this case from the ordinary one and causes the confusion. Instead of probating the will and paying the debts of the prior decedent's estate, the present decedent held the entire estate intact as community survivor, and the debts remained unpaid when he died.

On this appeal the appellant argues:

"The deduction for property previously taxed provided by Section 812(c) of the Internal Revenue Code is limited to the value which was received by gift, bequest, devise, or inheritance, within the meaning of the section, by the present decedent within the past five years and which was the subject of a federal estate tax. The present decedent in the instant case did not inherit the property and debts of the prior decedent but inherited only the value of the property over and above the obligations and liens with which it was encumbered. If the prior estate had been administered, this is all that would have become the property of the present decedent. Under these conditions the gross value was not received by gift, devise or inheritance within the meaning of the section. In addition, the present decedent would not be entitled to a deduction in the amount of the gross value of the prior estate since estate taxes are paid on the net and not on the gross value. The taxpayer's deduction for previously taxed property should, therefore, be computed on the basis of the net value of such property rather than its gross value.

"In the alternative, if this Court should sustain the taxpayer on the main issue, the judgment of the District Court should nevertheless be reversed because its amount is excessive. In the computation upon which the amount of the judgment was based, only the net value of the previously taxed property was taken into the present decedent's estate. As a corollary to a determination that the deduction for property previously taxed must be computed upon the basis of the gross value, it seems that the gross value of such property should be taken into the gross estate of the present decedent."

In Bahr v. Commissioner, 5 Cir., 119 F. 2d 371, 374, certiorari denied 314 U.S. 650, 62 S.Ct. 95, 86 L.Ed. 521, we passed upon these questions, and appellee has not shown why the rationale of that opinion is not controlling.

In the Bahr case, Frank Bender died in 1934 and bequeathed all his property to his brother, Eugene. Eugene died a few months later, before he completed the administration of Frank's estate. The Commissioner of Internal Revenue ruled that the net value of Frank's estate, its value after the deduction of its unpaid taxes and debts, measured the deduction from Eugene's estate for property previously taxed.

The executor of Eugene's estate contended that Frank's gross estate, its value

before the deduction of unpaid taxes and debts, measured the deduction. This court in upholding the Commissioner stated:

"But when we come to Sec. 303(a) (2), as amended by Sect. 806(a) of the Revenue Act of 1932, which deals with the deduction of property which has caused estate taxes within five years preceding, it does make a difference, both in the basis of this deduction, and in the subtraction from it of the result of the formula with which subparagraph (a) (2) ends. The purpose of these provisions is to avoid a double estate or gift tax on the same property within five years. The language used is adapted to one or more particular pieces of property specifically given or inherited. It is not adapted to an unadministered estate as a whole. This is a strong reason for caution in applying it to an unadministered estate which is indebted. If applied, it should be on condition that the reality of the situation be regarded, that Eugene did not become devisee of all Frank's property and of his debts, but was by the will and by the law told to pay the debts first. The estate tax of Frank was returned and estimated as though that had been done. Eugene was enriched only by the net amount of Frank's estate. He ought not to have his estate tax diminished because he did not pay Frank's debts, thus acquiring a larger gross estate and larger deductions as for claims against his own estate. Petitioners insist on the literal words in the subparagraph limiting this deduction: 'Only in the amount finally determined as the value of such property in determining * * * the gross estate of such prior decedent.' The fallacy and injustice lie in the fact that all of Frank's property is sought to be included in Eugene's gross estate, whereas only that left after paying Frank's debts would be there if Eugene had done his job as executor; and Frank's debts are sought to be made deductions, when they ought to have been discharged before any of Frank's property was taken into Eugene's estate. Neither the peculiarity of Texas law nor the death of Eugene before completing his duties about Frank's estate ought to affect these taxes.

"The federal estate tax and State inheritance tax assessed against the estate of Frank, though paid by petitioners after the death of Eugene, are not claims against the estate of Eugene. They go to reduce the value of property received by Eugene's estate from Frank's, along with his fourth of the partnership debts and administration charges, as the Commissioner ruled."

The rationale of that opinion is: "The purpose of these provisions is to avoid a double estate or gift tax on the same property within five years." Frank's estate tax was paid on the value of his estate after deduction for debts of the estate other than the federal estate taxes. "The same property" would therefore be the value of the property after deduction for debts other than the federal estate taxes. Since a deduction of the federal estate taxes would reduce the value of the property upon which a federal estate tax had been calculated and paid, the imposition of a double estate tax on part of the property would result. Therefore, we adopt the majority opinion of the Bahr case in respect to debts other than estate taxes, but adopt the dissenting opinion in respect to the estate taxes.

The dissenting opinion held:

"It does not follow however that I think that petitioners, though right in principle in insisting that gross rather than net estate values should be used, in determining the amount of the subsection (2) deduction, are right throughout. I think they are wrong in claiming as a deduction the $64,-090.41 federal estate taxes due and paid by Frank Bender's estate. It is not, it could not be claimed that Frank Bender could take these taxes as a deduction in his estate. It may not any more be claimed that Eugene may take them because they were unpaid at the time of Eugene's death. Federal taxes are not deductible and though they are obligations of Eugene Bender's estate by reason of his having taken under Frank Bender's will, all of his property subject to the payment of his debts, they are not deductible obligations."

We think that the second paragraph of Section 812(c) clearly indicates the conclusions set forth. In part it provides:

"Where a deduction was allowed of any mortgage or other lien in determining * * * the estate tax of the prior de-

cedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid."

All the debts of the prior decedent's estate were either a mortgage or liens on the assets passing into the estate of the present decedent. Deductions were allowable for the Texas inheritance tax, with interest, for the 1938 income tax, with interest, and for the mortgage on the prior estate, but not for the federal estate tax due on the prior estate. If the Texas inheritance tax, the 1938 income tax, and the mortgage on the prior estate had been paid before the death of the present decedent, the statute provides for a deduction of the amounts so paid. This provision is necessary to render the status of the present decedent's estate the same as though the Texas inheritance tax, the 1938 income tax, and the mortgage had not been paid until after the death of the present decedent. The provision, therefore, implies that these deductions would be proper even though the Texas inheritance tax, the 1938 income tax, and the mortgage had not been paid. Likewise, the provision implies the impropriety of a deduction for federal estate taxes.

Our treatment of the first question raised by appellant disposes, also, of her second question.

The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HUTCHESON, Circuit Judge (dissenting).

Not at all abandoning his contention that the gross, rather than the net, value of the property should be used in determining the deduction allowed by Internal Revenue Code, Sec. 812(c) taxpayer concedes that the amount of the refund due him was wrongly calculated and that instead of $3,150.55 as awarded below, it should have been $2,398.96. This concession is based on the recognition by the taxpayer that the gross figures should be used on both sides of the equation in determining the amount to be charged to the second estate as received from the former, and the amount to be deducted in the second estate as the value of property previously taxed.

I agree with appellee. Dissenting in Bahr v. Commissioner, 5 Cir., 119 F.2d 371, I pointed out why this must be so. I have to add to what I said there only a reference to the opinion of the Supreme Court in Crane v. Commissioner, 67 S.Ct. 1047, holding that when, for purposes of taxation, taxing statutes speak of the value of property, they refer to the property and not the taxpayer's equity in it, the value to the taxpayer after mortgages against it are deducted. The fallacy of the majority opinion in Bahr's case and of the majority opinion here is the same fallacy which was exposed in the Crane case, the fallacy of treating the statute as though it dealt with the taxpayer's equity in the property rather than the property itself.

It will serve no purpose for me to more fully descant on the reasons why I think the judgment should be affirmed. They are set out in my dissent in Bahr's case and in the opinion of the Supreme Court in the Crane case. In Bahr's case the taxpayer, in addition to insisting on the use of the gross estate in determining the deduction allowable under Revenue Act 1926, Sec. 303(a) (2), 26 U.S.C.A.Internal Revenue Acts, page 233, sought to claim as a deduction federal estate taxes due and paid by the predecessor estate. I thought and said in my dissent that this deduction was not allowable. I still think so. Taxpayer here is not seeking the benefit of such a deduction at all. He is merely asking that in determining the deduction allowable under the section, the statute be followed and the value of property used in determining the value of the gross estate of the prior decedent be used in determining the deduction allowable on acount of the previously taxed property of the former estate. Taxpayer's concession in open court that the amount of his judgment should be reduced from $3,150.55 to $2,398.96 is a sufficient basis for reforming and affirming the judgment here. The judgment should be reformed and affirmed for $2,398.96. I dissent from its reversal.