**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIA-TION, a National Banking Corporation, as Executor of the Last Will and Testament of Thomas McDonough, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 32762.**

United States District Court
N. D. California, S. D.

May 10, 1955.

J. W. Radil, F. J. Kilmartin, Knight, Boland & Riordan, San Francisco, Cal., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Erwin A. Goldstein, Sp. Assts. to Atty. Gen., Lloyd H. Burke, U. S. Atty., George A. Blackstone, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HAMLIN, District Judge.

This is a suit to recover taxes paid in the Estate of Thomas McDonough, on the ground that the deduction allowed by the Commissioner for property previously taxed was too small. The property which is the subject of the dispute here was owned in joint tenancy by Thomas McDonough and his brother, Peter McDonough. When Peter McDonough died on July 8, 1947, his one-half interest in the joint tenancy property vested in Thomas by operation of law. Thomas McDonough died on September 13, 1948, before the administration was completed in the Estate of Peter McDonough, and the estate taxes in Peter's estate were paid out of assets in Thomas' estate.

The original return filed by the Estate of Thomas McDonough showed that the total gross value of this one-half

interest that passed from Peter to Thomas was some $585,000, and that about $141,000 of the estate taxes in Peter's estate were attributable to this property. In the original return, this property was both included in the gross estate and deducted as property previously taxed at the value of about $444,000. The Commissioner redetermined the tax and allowed a deduction of only $373,894.78, which is the value of all of Peter's gross estate less all the estate taxes, state inheritance taxes, deductions, legacies and claims made in the Estate of Peter McDonough. On the basis of this redetermination, the Commissioner assessed a deficiency of $9,570.95 in taxes and interest, which was paid by the taxpayer. The plaintiff then filed a claim for refund which was rejected on March 3, 1953.

The statute applicable to the deduction in question provides as follows:

"For the purpose of the tax the value of the net estate shall be determined * * * by deducting from the value of the gross estate—

" * * * (c) *Property previously taxed.* An amount equal to the value of any property (1) forming a part of the gross estate * * * of any person who died within five years prior to the death of the decedent, * * * where such property can be identified as having been received by the decedent * * * from such prior decedent by gift, bequest, devise or inheritance * * *. This deduction shall be allowed only * * * in the amount finally determined as the value of such property in determining the value of * * * the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate * * *." 26 U.S.C.A. § 812(c).

The question presented is whether, for the purposes of the deduction, the correct value of the property which can be identified as having been received by Thomas from Peter is the gross value of that property, or its gross value less its share of Peter's estate taxes, or its gross value less all of the taxes, charges and claims in Peter's estate. The taxpayer vigorously contends that since all of the specific items which constituted this property at Peter's death were on hand and intact in Thomas' estate, the deduction should be allowed in the total gross value of this property.

Counsel have cited the following cases dealing with this question: Bahr v. Commissioner, 5 Cir., 119 F.2d 371, certiorari denied 314 U.S. 650, 62 S.Ct. 95, 86 L.Ed. 521; Commissioner of Internal Revenue v. Garland, 1 Cir., 136 F.2d 82; Central Hanover Bank & Trust Co. v. Commissioner, 2 Cir., 159 F.2d 167, certiorari denied Estate of Wilkinson v. Commissioner 331 U.S. 836, 67 S.Ct. 1518, 91 L.Ed. 1848; Thomas v. Earnest, 5 Cir., 161 F.2d 845; Bloedorn v. United States, 116 F.Supp. 133, 126 Ct. Cl. 591; Estate of Roswell G. Ackley v. Commissioner, 23 T.C. 639. Counsel on both sides have pointed out that none of these cases dealt with the precise situation which we have here—an interest in joint tenancy property which came to the second decedent by operation of law at the death of the first decedent where the estate taxes and other charges of the first estate were not paid until after the death of the second decedent. These cases express conflicting views as to the correct method of valuing the deduction. The Bahr, Central Hanover, Bloedorn and Ackley cases, however, appear to be the better reasoned cases, and for that reason this Court prefers to follow the rule generally laid down in those cases. It would seem that the value of property received from a decedent could never be greater than the value of his property less all of the taxes, legacies, claims and charges outstanding against it. The holders of those claims can always proceed against the property to satisfy their claims, and to that extent they have an interest in the property which can not be received by anyone else from the decedent. The value of such property received by an heir is only the net value after all the claims against

the property have been subtracted. See Rudick, The Estate Tax Deduction for Property Previously Taxed, 53 Col.L.R. 761, 762–767.

The plaintiff maintains that if the Commissioner is upheld, double taxation of the property represented by the gross value of some $585,000 will result. Since this property was included in the gross estate of Thomas at a value of about $444,000 by both the taxpayer and the Commissioner, we are unable to agree with the plaintiff.

For these reasons, the Court is of the opinion that the redetermination made by the Commissioner allowing a deduction of $373,894.78 was correct and should be upheld.

Judgment will be entered accordingly, defendant to prepare findings of fact and conclusions of law.