**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor for the Last Will and Testament of Thomas McDonough, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 14879.

United States Court of Appeals Ninth Circuit.

Oct. 26, 1956.

Knight, Boland & Riordan, J. W. Radil, F. J. Kilmartin, George H. Koster, San Francisco, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Louise Foster, Carolyn R. Just, Sp. Assts. to Atty. Gen., Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before BONE, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

This was an action for the recovery of estate taxes levied and collected from the plaintiff-appellant with respect to the estate of Thomas McDonough. Thomas McDonough died September 13, 1948, just 14 months and 8 days after the death of his brother Peter. He succeeded, by right of survivorship, to property held by himself and Peter as joint tenants. This circumstance required the application of subdivision (c) of § 812 of the Revenue Code of 1939, 26 U.S.C.A. § 812 (c), headed "Property previously taxed", and authorizes a deduction from the gross estate for property previously taxed as a part of the estate of a previous decedent, when such property was acquired by bequest, devise or inheritance, (including survivorship of a joint tenant) from a decedent who died within five years prior to the later decedent's death. The dispute we must settle relates to the manner in which the value of this "property previously taxed" should be ascertained.

The facts of the case are set forth in the decision of the district court, reported at 130 F.Supp. 923. They present an unusual and comparatively rare situation. This is unlike the ordinary case in which the prior estate completely discharges its obligations, including debts and estate taxes, out of the original corpus of the estate. In such case this net balance is what the successors receive by "bequest, devise, or inheritance" from such prior decedent.[1] What makes this

---

[1]. The phraseology of § 812(c) is "* * * where such property can be identified as having been received by the decedent * * * from such prior decedent by gift, bequest, devise, or inheritance".

**944**

case difficult is that here the joint tenancy property passed to Thomas before the estate tax owed by Peter's estate was paid, and the tax was paid after the death of Thomas by Thomas' executors. One-half of the value of the joint property, or $577,971.92, was included in Peter's gross estate for purposes of determining its estate tax liability, and, because this tax was not paid out of Peter's estate, all its gross value was included and identified in Thomas' estate as having been received from Peter. Therefore, appellant asserts, the amount of property previously taxed within five years which was entitled to be deducted from the gross estate for estate tax purposes in the estate of Thomas was this $577,971.92. They say that this is precisely what § 812 provides. That section, as pertinent here, is as follows:

"§ 812. Net estate. For the purpose of the tax the value of the net estate shall be determined, * * * by deducting from the value of the gross estate—

* * * * * [1]

"(c) Property Previously Taxed. An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, * * * where such property can be identified as having been received by the decedent * * * from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. * * * This deduction shall be allowed only where * * * an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by or on behalf of * * * the estate of such prior decedent, * * * *and only in the amount finally determined as the value of such property in determining the value of * * * the gross estate of such prior decedent, and only to the extent that the value*

*of such property is included in the decedent's gross estate,* and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this subsection, section 861(a) (2), or the corresponding provisions of any prior Act of Congress, in respect of the property or property given in exchange therefor.

* * * * *

"Where a deduction was allowed of any mortgage or other lien in determining the * * * estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this subsection shall be reduced by the amount so paid. * * *

* * * * *

" * * * Where the property referred to in this subsection consists of two or more items the aggregate value of such items shall be used for the purpose of computing the deduction. * * * " (Italics ours.)

In determining the identified "property previously taxed", the Government made certain deductions from the gross estate valuation previously mentioned. These included $141,592.71, that part of Peter's estate tax attributable to the joint tenancy property, and $49,263.81, representing inheritance taxes on the same property. The Government thus claimed that the amount of the deduction for "property previously taxed" should be a net amount after subtracting these items from the total "value of such property * * * included in the decedent's gross estate".

Appellant challenges this procedure for calculating a "net amount" by pointing to the text of § 812, and noting that it has no language which, in so many words, authorizes the Government's mode of calculation. Thus attention is called to the language we have italicized in the above quotation of the section. The reference is to values included in the *gross* estate. And it is said there is no room

for implying an authorization for reduction to a net amount, by subtracting the estate and inheritance taxes mentioned, as the one express provision for a reduction of the "deduction allowable under this subsection" is that part which reads: "Where a deduction was allowed of any mortgage or other lien in determining * * * the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this subsection shall be reduced by the amount so paid." Clearly enough this last quoted language does not apply here, both because these taxes were not deducted "in determining the * * * estate tax of the prior decedent," and they were not paid "prior to the decedent's death".

Both positions find support in the authorities. Appellant finds support in Commissioner of Internal Revenue v. Garland, 1 Cir., 136 F.2d 82, 83. That also was what might be called an exceptional case in that certain obligations of the prior estate, including estate and inheritance taxes, and debts, were paid not out of the corpus of the prior estate, but out of income of that estate prior to the death of the second decedent. In arriving at the value of the property previously taxed for the purpose of computing the deduction allowed by the then revenue code section (which was in substance the same as the section here considered), the Commissioner undertook to deduct these debts and obligations of the prior decedent's estate from its gross value. The taxpayer there petitioned the Board of Tax Appeals for a redetermination making the same argument which appellant presents here, and was sustained by the Board. In reviewing the Board's decision, the court there said:

"In such a situation, § 303(a) (2) provides, with qualifications not now relevant, that the present decedent's estate is entitled to a deduction in an amount equal to the value of the identified property as it stood in the gross estate of the prior decedent.

"In effect what the Commissioner asks us to do is to go beyond the permissible limits of statutory interpretation and to write into § 303 (a) (2) a further proviso that in no event may the allowable deduction exceed the interest of the present decedent in the estate of the prior decedent as of the date of the latter's death. Neither in the wording of the statute nor in its legislative history do we find any support for the Commissioner's assertion that the statute was never intended to place the second decedent in a better position from an estate tax viewpoint than would have been the case had the obligations of the first estate been satisfied in full by liquidation of property included in the gross estate instead of being satisfied in whole or in part out of income earned by the estate during administration. Obviously, Edith's estate is better off by reason of the fact that Harry's estate after his death earned income which could be applied to satisfy the obligations of the estate. If there had been no such income, part of the real estate or securities would have had to be sold to satisfy the tax and other obligations of Harry's estate and thus would not have been found in Edith's estate as identifiable property derived by devise or bequest from the prior estate. Insofar as Edith's estate gains any advantage under the circumstances it is an advantage resulting from the unambiguous language of § 303(a) (2)."

The same general view was expressed by Judge Hutcheson in dissenting from the majority opinion in Bahr v. Commissioner, 5 Cir., 119 F.2d 371. In that case, as here, the estate taxes on the prior estate had not been paid when the second decedent died. They were paid by the latter's executors. The majority of the court took the view, which the Government has presented here, that the "property previously taxed" deduction should be valued by the net undistributed estate of the first decedent, that is to say, the same amount that would have

been arrived, at had administration of the first estate been completed and the estate taxes and other charges paid out of the corpus before the assets were turned over to the successor under the will. Protesting this, Judge Hutcheson said, at page 377: "Where the words of a taxing act have a sensible meaning they are controlling. They must be followed rather than a supposed intent not expressed in them. * * *" It is to be noted that in its later case, Thomas v. Earnest, 5 Cir., 161 F.2d 845, the court which had decided the Bahr case, supra, modified the rule of its former decision by holding that in a case of this character, the value of property previously taxed should not be reduced by the amount of the federal tax due on the prior estate. The court reached that conclusion through its interpretation of that part of § 812(c) which is last quoted above and which authorized a reduction to the extent of deductions allowed "in determining * * * the estate tax of the prior decedent," and because estate taxes are not allowed as a deduction in determining the estate tax. The Thomas case, at least in part, supports the position of the appellant here.

The Government's position finds full support in Central Hanover Bank & Trust Co. v. Commissioner, 2 Cir., 159 F.2d 167, 169.[2] In that case a husband died leaving his wife as executrix and sole legatee. She died approximately four years later. Within six months after the husband's death, the personal property of his estate was distributed to the wife as sole legatee. The debts of the husband's estate were then paid by the wife who used her own funds for that purpose. In calculating the value of the property previously taxed, the Commis-

sioner allowed only that percent of the assets distributed to the wife which represented the value over and above the debts of the husband. The taxpayer urged the court to follow Commissioner of Internal Revenue v. Garland, supra. The court recognized that the language of the statute left something to be desired in the way of a definite provision to govern this precise case. The court suggests that the precise point is not covered by express language by saying: "Had Congress been aware of such a possibility, it can scarcely be doubted that it would have provided against it."[3] The court appeared to be of the impression that the framers of the section must have had in mind the accomplishment of the same result whether the first estate be liquidated and its debts and estate taxes paid from the corpus of that estate, or whether the devisee or legatee under the first estate paid the debts and estate taxes from income received from the first estate pending administration, or whether those debts and taxes were paid out of other resources either by such devisee or legatee herself, or by the executrix of her estate.[4] The court refused to make the same literal application of the language of the section that had been adopted by the first circuit in Commissioner of Internal Revenue v. Garland, saying, 159 F.2d at page 169: "There is no more likely way to misapprehend the meaning of language—be it in a constitution, a statute, a will or a contract—than to read the words literally, forgetting the object which the document as a whole is meant to secure. Nor is a court ever less likely to do its duty than when, with an obsequious show of submission, it disregards the overriding purpose because the

2. Bloedorn v. United States, 116 F.Supp. 133, 126 Ct.Cl. 591, reaches the same conclusion.

3. This refers to the possibility of the legatee under the will of the first decedent deliberately increasing the deduction allowable by not liquidating the first estate or paying its debts from its corpus

but rather taking all the assets and paying the debts from other sources.

4. The 1954 Code, § 2013, 26 U.S.C.A. § 2013, deals with this problem in a different and more explicit manner. See also U. S. Code Congressional and Administrative News, 1954, Vol. 3, p. 5106.

particular occasion which has arisen, was not foreseen." [5]

We have come to the same conclusion of the Second Circuit in Central Hanover Bank, supra. In doing so, we need not say that this is a case in which the assumed purposes of Congress can be read into the statute where appropriate literal language is missing. The court in the Central Hanover Bank case noted that the section recites that the deduction for property previously taxed is permissible "where such property can be identified as having been received by the decedent * * * from such prior decedent". Referring to this, the court said: "The question is whether by 'identity' the statute means the physical identity of the asset, or the identity of the legatee's financial interest in it. * * * [W]hen she 'received' the shares * * * the only interest 'bequeathed' to her was that proportion of their value which was free of the debts then still unpaid". In thus holding that the property which can be identified as having been received by the decedent from such prior decedent was the net amount received from that estate, we think that the court arrived at a correct solution of the problem and one which we choose to adopt and follow.

We note here one difference between this and the other cases cited. Here Thomas took by succession as a joint tenant. What he thus received, while subject to, and chargeable with the estate tax, § 827, I.R.C.1939, 26 U.S.C.A. § 827, and the inheritance tax, Cal.Rev. and Tax.Code, § 13671, is not chargeable with other claims against Peter's estate. Zeigler v. Bonnell, 52 Cal.App.2d 217, 126 P.2d 118. The language used by Judge Hand, quoted above from the Central Hanover Bank case, refers to the value free from the "debts" then still unpaid. He said: "It is of no consequence whether the debts were liens in a formal sense upon the husband's assets; it is enough that, if the wife did not pay them, the creditors could follow them and sell them on execution." Here, in applying the rationale of the Central Hanover Bank case, we must substitute for the general word "debts", the words "estate and inheritance taxes", as they are the only items of charge against Peter's estate collectible from the joint property which passed to Thomas.

Although we approve the decision of the district court in adopting the rule of the Central Hanover Bank case, yet we are unable to ascertain from the record before us whether the court took into account this distinction. Its opinion states [130 F.Supp. 924]: "The Commissioner redetermined the tax and allowed a deduction of only $373,894.78, which is the value of all of Peter's gross estate less all the estate taxes, state inheritance taxes, deductions, legacies and claims made in the Estate of Peter McDonough." The record does not make clear to us whether, in arriving at the figure mentioned, the Commissioner did so by subtracting from the gross estate valuation claims which are not chargeable against the joint property. For this reason we remand the case to the court below with directions to permit the parties to stipulate, if they can, as to the proper amount of the allowable deduction for "property previously taxed", computed in the manner here held proper, and if such stipulation be not made, to proceed to a determination of such amount.

Subject to the directions for further proceedings here ordered, the judgment is affirmed.

5. These varying views are discussed in an illuminating article on "The Estate Tax Deduction for Property Previously Taxed", 53 Col.L.R. 761 (1953), by Harry J. Rudick, who calls this section "the most complex and confounded provision of the entire federal estate tax law."