**PROVIDENT TRUST COMPANY OF PHILADELPHIA, Elliston P. Morris and Maurice Bower Saul, Executors of the Estate of Marriott C. Morris, Deceased, Appellants**

v.

**UNITED STATES of America.**

**No. 12807.**

United States Court of Appeals Third Circuit.

Argued April 21, 1959.

Decided July 7, 1959.

---

**20.** See 166 F.Supp. 813, 822.

C. Walter Randall, Jr., Philadelphia, Pa. (Edwin S. Henry, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., on the brief), for appellants.

David O. Walter, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., Harold K. Wood, U. S. Atty., Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

A federal estate tax refund claim, denied by the court below sitting without a jury, is the matter in controversy in this appeal.

The essential facts are not in dispute. The plaintiffs are the executors of Marriott Morris, whose sister, Elizabeth Morris, had predeceased him by only three months, leaving him her sole heir. When Morris died the administration of his sister's estate had not been completed. No federal estate tax had been paid and her personal property, worth more than a million and a half dollars, had not been distributed. Several months after Morris died, an adjudication of the probate court in his sister's estate awarded that estate to the present plaintiffs as executors of Morris "subject to such inheritance tax and federal estate tax as may be due". Later the plaintiffs filed a federal estate tax return on account of the liability of the Elizabeth Morris estate. Pursuant to that return they paid a tax of more than $600,000 out of an account which contained cash of both estates.

Later the plaintiffs filed a federal estate tax return for the Estate of Marriott Morris, reporting as part of the gross estate of the decedent only the net inheritance from his sister after taxes on her estate. In setting out the allowable deduction for "Property Previously Taxed" the taxpayers again claimed only the net amount realized by the Marriott Morris estate from the sister's estate. This net was determined by deducting from the gross Elizabeth Morris estate all debts, expenses and taxes paid on account thereof, including the approximately $600,000 federal estate tax. Nowhere else was any credit or deduction claimed for this tax payment. In substance, the matter was computed as if the taxes and other expenses of the sister's estate had been paid by her executors during Marriott Morris' lifetime and only the net had come to him or entered his estate.

Thereafter, appellants concluded that they had erred to their own disadvantage in their handling of the estate tax on the sister's estate in computing their decedent's estate tax. Accordingly, they filed a claim for refund in which they proposed to correct the original return by including the amount used to pay the tax on the sister's estate in the reported gross estate of the brother, adding the same amount to the deduction for property previously taxed under Section 812 (c) of the Internal Revenue Code of 1939, 26 U.S.C. 1952 ed. § 812(c), and, finally, claiming the same amount under Section 812(b), 26 U.S.C. 1952 ed. § 812 (b), as an ordinary deduction from the brother's estate. They reason that this last deduction may be viewed as a debt, or an administrative expense, or the satisfaction of a lien properly charged against and paid by that estate.

The deduction now sought under Section 812(b) is essential to the pres-

ent refund claim. The government questions the propriety of this deduction on more than one ground. However, in our view it is most clearly improper because it is an attempt to deduct an expenditure made for federal estate taxes in the computation of a net estate for federal estate tax purposes.

Section 812(b) provides for the determination of a decedent's net estate by making certain deductions from the gross estate, including "(3) * * * claims against the estate, and (4) * * * any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such * * * indebtedness, is included in the value of the gross estate * * *." However, the catalog of allowable deductions is followed by this restrictive language: "but not including * * * any estate, succession, legacy, or inheritance taxes". To us this language seems clear and decisive. An effort is made here to deduct an amount paid by the plaintiffs to the United States for estate taxes duly assessed and outstanding. As executors the plaintiffs had received and accepted the personal property of the estate of Elizabeth Morris under a probate adjudication awarding that property to them "subject to such * * * federal estate tax as may be due". In so doing, they incurred an obligation to pay a federal estate tax and, in due course, they discharged it. Cf. Commissioner of Internal Revenue v. Breyer, 3 Cir., 1945, 151 F.2d 267 (a transferred obligation to pay interest, hence deductible). In such circumstances, we cannot see even a colorable argument which would enable the taxpayers in their own later return to escape the provision of Section 812(b) prohibiting the deduction of "any estate * * * taxes". As Judge, later Chief Judge, Hutcheson said, concurring on this point though otherwise dissenting, in Bahr v. Commissioner, 5 Cir., 1941, 119 F.2d 371, 377: "Federal taxes are not deductible and though they are obligations of * * * [the second decedent's] estate by reason of his having taken under * * * [the first decedent's] will, all of his property subject to the payment of his debts, they are not deductible obligations."

■ Extended discussion of the two other changes the taxpayers would make in their return is unnecessary because, in the circumstances of this case, one offsets the other. In their original return the plaintiffs included as part of their decedent's gross estate only the net value of his sister's estate after taxes. Then, in computing the special deduction for property previously taxed they included only the net value after estate taxes of the property acquired by them from the sister's estate. But in the presently proposed recomputation they seek to increase both the gross estate and the special deduction by the amount of the estate taxes on the sister's estate. Apparently, this procedure was thought to improve their claim, discussed above, to a deduction under Section 812(b) (4) which provides for amounts paid for indebtedness on property, but only where the value of the property, undiminished by such indebtedness, is included in the value of the gross estate.

But whatever purpose or purposes the recomputation may have served, we think the original return was correct. The inclusion of only the net value of the sister's estate after taxes in the gross estate of plaintiff's decedent was proper under the language of Section 811 of the Internal Revenue Code of 1939, 26 U.S. C. 1952 ed. § 811. That section stipulates that "[t]he value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *." When Marriott Morris died his sister's estate was under administration and undistributed. He as sole heir had no more than a right to whatever net estate might remain after taxes. Whether taxes were later paid before distribution to his executors or after that event, no change would occur in the value of this inheritance at the time of Marriott's death, and

**782**

it is that value which Section 811 requires to be returned in his gross estate.

By parity of reasoning the total deduction allowable for property previously taxed cannot exceed the value after taxes of the inheritance which gives rise to this deduction. The relevant Section 812(c) defines the allowable deduction in terms of "the value of any property * * * where such property can be identified as having been received by the decedent from * * * such prior decedent by * * * inheritance * * *." It is further provided that "[t]his deduction shall be allowed * * * only to the extent that the value of such property is included in the decedent's gross estate * * *." In the circumstances of this case and for reasons already stated only the net value of his sister's estate after taxes was properly included in the gross estate of the decedent. Section 812(c) explicitly requires that no more be included in the deduction for previously taxed property.

What has been said is enough to dispose of the claimed Section 812(c) deduction here. We find it unnecessary to consider the more elaborate analysis of the scheme, purpose and effect of Section 812(c) which has led other courts to conclude in a variety of circumstances that the deduction for property previously taxed, as it would have been allowable had the estate of the first decedent paid its own estate taxes and other debts before distribution, is not enlarged when such payments are postponed and made later by the estate of the second decedent. Bank of America National Trust & Savings Ass'n v. United States, 9 Cir., 1956, 237 F.2d 942; Central Hanover Bank & Trust Co. v. Commissioner, 2 Cir., 1947, 159 F.2d 167; Bloedorn v. United States, Ct.Cl.1953, 116 F.Supp. 133; Estate of Ackley v. Commissioner, 1955, 23 T.C. 639; Contra: Thomas v. Earnest, 5 Cir., 1947, 161 F.2d 845; Commissioner v. Garland, 1 Cir., 1943, 136 F.2d 82.

The judgment will be affirmed.