**Charles P. MANSHIP, Jr. and Douglas L. Manship, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 7473.**

United States District Court
E. D. Louisiana,
New Orleans Division.

June 20, 1958.

Taylor, Porter, Brooks, Fuller & Phillips, C. V. Porter, Baton Rouge, La., for plaintiffs.

M. Hepburn Many, Prim B. Smith, Jr., New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

Charles P. Manship died on January 27, 1947, leaving three-quarters of his estate to his wife. A substantial part of this property was still owned by Mrs. Manship when she died on September 30, 1950, and it thus became part of her estate. The only issue in this case is the proper amount allowable as a deduction from the gross estate of Mrs. Manship for previously taxed property under Section 812(c) of the Internal Revenue Code of 1939.[1] The plaintiffs are Mrs. Man-

---

1. Section 812 (c) provides, in pertinent part, that for the purpose of the estate tax, the value of the net estate shall be determined by deducting from the value of the gross estate:

ship's sons, who are also her sole heirs and residuary legatees.

Mrs. Manship's share of her husband's gross estate was $1,609,510.46, to which the following debts, taxes and expenses of Manship's estate were attributed:

| | |
|---|---|
| Debts and Expenses | $ 79,741.88 |
| State Inheritance and Estate Taxes | 74,520.95 |
| Federal Estate Taxes | 485,896.05 |
| | $640,158.88 |

Thus the net estate available to Mrs. Manship was $969,351.58. In fact, she received a total of $1,058,324.03, for during the administration of Manship's estate, $88,972.45 of the debts and taxes had been paid from the income rather than from the assets of the estate. When Mrs. Manship died, less than five years after her husband, her estate included $882,696.58 of the assets received from her husband's estate, and a deduction was claimed for the full amount of this property.

The Commissioner disallowed this deduction to the extent of $88,972.45, the amount of the taxes and debts paid with assets outside the prior estate. It is asserted that, to this extent, the assets of the prior estate were received by Mrs. Manship by "purchase," and not "by gift, bequest, devise, or inheritance" as required by the statute. Several cases [2] are cited for the proposition that the property received by bequest, devise or inheritance, which qualifies for this deduction, is, as stated in the Government's brief, "limited to the property received from the prior decedent less the debts and charges of his estate including the federal estate taxes."

The plaintiffs, pointing to the fact that all the cases cited by the Government are from outside the Fifth Circuit, firmly rest upon Thomas v. Earnest, 5 Cir., 161 F.2d 845, 848. The Fifth Circuit in that case, in applying the property-previously-taxed deduction provided for in Section 812(c) under the 1939 Code, said " 'The same property' would therefore be the value of the property after deduction for debts other than the federal estate taxes. Since a deduction of the federal estate taxes would reduce the value of the property upon which a federal estate tax has been calculated and paid, the imposition of a double estate tax on part of the property would result." [3]

"(c) Property previously taxed. An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent * * * where such property can be identified as having been received by the decedent * * * from such prior decedent by * * * bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. * * * This deduction shall be allowed only where * * * an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by or on behalf of * * * the estate of such prior decedent, * * * and only in the amount finally determined as the value of such property in determining the value of * * * the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate * * *.
. * . * * * * . * * ,

"Where a deduction was allowed of any mortgage or other lien in determining * * * the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this subsection shall be reduced by the amount so paid."

2. Bank of America National T. & S. Ass'n v. United States, 9 Cir., 237 F.2d 942; Central Hanover B. & T. Co. v. Commissioner of Int. Rev., 2 Cir., 159 F.2d 167; Bahr v. Commissioner of Internal Revenue, 5 Cir., 119 F.2d 371; Bloedorn v. United States, Ct.Cl., 116 F.Supp. 133; Estate of Ackley, 23 T.C. 639.

3. Thomas v. Earnest, supra, 161 F.2d at page 848. Although the holding in the Earnest case is contrary to the present current of opinion in interpreting Section 812 (c), it is supported by Commissioner of Internal Revenue v. Garland, 1 Cir., 136 F.2d 82. The holding in Earnest is also contrary to the prior opinion of the Fifth Circuit in Bahr v. Commissioner of Internal Revenue, supra.

Although the facts in the case at bar differ in some minor detail[4] from the facts of the Earnest case, the principle applied there must be applied here. The Fifth Circuit in Earnest held that federal estate taxes on the prior estate should be excluded in determining the property-previously-taxed deductions. The Commissioner, relying on cases from other circuits, held otherwise. This Court must follow the Fifth Circuit. The value of Mrs. Manship's share of Manship's estate "after deduction for debts of the estate other than the federal estate taxes" is $1,455,247.63. The amount claimed in Mrs. Manship's estate as the value of the property previously taxed is only $882,696.58, and is therefore fully deductible.

However, it appears that this question, whether the allowable deduction includes the amount of the federal estate tax, is not necessarily raised by the facts of this case. The Government's argument was presented as if the deduction claimed had included the entire net estate of the prior decedent received by Mrs. Manship plus the $88,972.45 of assets preserved by the use of outside funds. In fact, the amount claimed was not only less than this sum; it was less than the net estate itself. Consequently, even on the Government's own theory that the limit of the deduction is the value of the net estate, or $969,351.58, the lesser amount claimed in the estate of Mrs. Manship is fully deductible.

Central Hanover B. & T. Co. v. Commissioner of Internal Revenue, supra, is the only case cited which might suggest a different result. In that case it was held that the present decedent could receive by bequest, devise or inheritance only his "equity" in the assets of the prior estate. Each asset in the prior gross estate was regarded as sharing equally the debts, taxes and expenses of the estate. If these charges amounted to one-fourth of the gross estate, the present decedent's equity in any asset re-ceived would be three-fourths of its value in the prior estate. In such case, the limit of the deduction would not be the net estate of the prior decedent, but would be three-fourths of the value of any assets actually received in the present estate. In the present case the attributed charges were approximately 40% of Mrs. Manship's share of the prior gross estate, and the maximum deduction on this basis would have been 60% of $882,696.58, or $529,617.95. This theory finds little support in the wording of the statute and none in the Fifth Circuit case cited above. Moreover, it is not the theory on which the present deficiency was assessed and defended.

The plaintiffs are entitled to judgment for the full amount of the deficiency erroneously assessed, with interest and costs.

---

4. In Earnest the second decedent died pending the administration of the prior decedent's estate whereas here the ad-ministration of the prior decedent's estate had been completed before the death of the second decedent.