Robert M. BENJAMIN and Franklin E. Parker, Jr., as Executors of the Estate of Elsie Weil, Deceased

v.

The UNITED STATES.

No. 353-59.

United States Court of Claims.

Jan. 11, 1963.

Rehearing Denied April 5, 1963.

Robert M. Benjamin, New York City, for plaintiffs. Boris I. Bittker, New Haven, Conn., Sidney D. Rosoff and Parker, Duryee, Benjamin, Zunino & Malone, New York City, were on the brief.

George Willi, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant. Edward S. Smith, Lyle M. Turner and Philip R. Miller, Washington, D. C., were on the brief.

JONES, Chief Judge.

This is an action by the executors of the estate of Elsie Weil for a refund of $108,391.10, estate taxes paid as a deficiency assessment resulting from the Commissioner's disallowance of the full deduction claimed by them for property previously taxed.

The issue arises in this way: Bertha Rosenheim died on April 15, 1947, leaving her entire estate by will in equal shares to her nephew and niece, Henry and Elsie Weil, who died on August 28, 1949, and March 27, 1952, respectively. Henry Weil left his entire estate by intestacy to his sister, Elsie Weil, whose death occurred before any distributions had been made from the estate of her brother. Plaintiff Robert M. Benjamin, appearing herein as one of the executors of Elsie Weil's estate, is the husband of Elsie Weil's daughter. His firm served as attorney for the administrator of Henry Weil's estate.

At the time of Elsie Weil's death on March 27, 1952, her gross estate included property which she had inherited as joint heir with her brother, Henry Weil, from her aunt, Bertha Rosenheim and property, primarily cash and securities, which she had inherited as sole heir of her brother, Henry Weil.

It is the property in the Henry Weil estate inherited by Elsie Weil which gives rise to this suit. Henry Weil's gross estate at the time of his death was valued at $1,972,112.59. It consisted of $1,259,-894.20 in *individual property*, which he had himself accumulated, and property valued at $712,218.39, which he had inherited from his aunt, Bertha Rosenheim (hereinafter referred to as "Rosenheim property").

The executors of Elsie Weil realized that that portion of Henry Weil's estate which he had received from the Rosenheim property and which she now received had already had one deduction in Henry Weil's estate and therefore could not be claimed as an additional deduction in her estate, while that portion that consisted of Henry Weil's individual property which she inherited from him would be allowable as a deduction since she died less than 5 years after her brother's death. The executors sought to treat most of the taxes, charges, and expenses of the Henry Weil estate as having been paid out of the part of the Rosenheim property which she inherited from Henry Weil and therefore could not claim as a deduction. The net effect of this paying of taxes and expenses out of inherited property which could not be the basis of a deduction would be to reduce the estate tax of the Elsie Weil estate.

By virtue of section 812(c) [1] of the Internal Revenue Code of 1939 (26 U.S.

---

[1]. "812. Net estate

"For the purpose of the tax the value of the net estate shall be determined * * * by deducting from the value of the gross estate— * * *

"(c) Property previously taxed.

"An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent * * * where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received * * *. This de-

C. § 812(c) (1952)), which allows a deduction from the gross estate of a decedent for property previously taxed, the Rosenheim property was deductible in Henry Weil's estate, but his individual property was not. The Rosenheim property would revert to taxable status in Elsie Weil's estate, but Henry Weil's individual property in Elsie's estate would acquire tax-free status. Therefore, apart from the sum of $102,325.72 paid in settlement of various claims against the Henry Weil estate before it had received its first distribution of the Rosenheim property in the spring of 1950, all administration expenses, including state and Federal estate taxes totalling $412,-573.04, attributable for the most part to Henry Weil's *individual property,* were paid out of the Rosenheim property which was deductible in the Henry Weil estate. This exoneration of Henry Weil's individual property of all but a comparatively small part of the total charges against the gross estate enabled Elsie Weil's executors to claim a sum almost the equal of the gross amount of his individual property as tax exempt in her estate.

More specifically, in the estate tax return for the estate of Elsie Weil filed by her executors on June 25, 1953, showing tax due in the amount of $659,328.88, the executors claimed deductions for property previously taxed in two prior estates: (1) the estate inherited by Elsie Weil direct from Bertha Rosenheim (in the amount of $679,725.72 and not at issue here), and (2) the estate of Henry Weil. In reporting the property inherited from the Henry Weil estate, the executors of Elsie Weil adopted the previous administrator's allocation of charges between the individual and Rosenheim properties.

The Commissioner of Internal Revenue, in auditing the estate tax return of Elsie Weil's estate, took the position that,

since the individual property represented approximately 64 percent of Henry Weil's gross estate, it should bear that percentage of the estate taxes, with the Rosenheim property bearing the remaining 36 percent. By charging approximately 64 percent of the estate's expenses and taxes to the individual property he obtained a balance of $889,308.39 as the net amount of Henry Weil's individual property inherited by Elsie Weil instead of the value of $1,160,315.80 which her executors had claimed as a deduction. The difference between this amount and that originally claimed, or $271,007.41, was restored, or credited, to the Rosenheim property account, which, being taxable in Elsie Weil's estate, gave rise to an additional tax of $108,391.10, the subject matter of this suit.

In denying the validity of this additional tax, plaintiffs assert that they have complied in every way with section 812 (c) and are entitled to apportion the debts, administration expenses, and taxes in the way they were apportioned in the prior estate, since the provision of the section in no way negatives their right to do so.

Defendant, in arguing for a rule of apportionment, as applied by the Commissioner in these circumstances, asserts, *inter alia,* that in charging property deductible as property previously taxed for the purpose of exonerating the estate taxes payable on the remainder (and larger) part of the estate of Elsie Weil, plaintiffs have, in substance, frustrated the congressional intent that the same property shall not be deductible in successive estates.

The issue is whether the second decedent (or her executors) may, within the limits of the purpose of section 812 (c), increase the deduction for property previously taxed in the second estate merely by treating taxes and other obli-

duction shall be allowed only where * * * an estate tax * * * was finally determined and paid by * * * the estate of such prior decedent, * * * only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this subsection, * * * in respect of the property or property given in exchange therefor."

gations payable by the prior gross estate as having been paid out of property deductible as property previously taxed in that estate, rather than out of property generating the expenses, or whether each class of property must be charged with its proportionate share. We are of the opinion that the position taken by the defendant is the correct one. It seems that, where the only alternative is to charge property previously taxed, the taxable property should be charged with at least a proportionate part of the charges against the gross estate.

Section 812(c) of the Internal Revenue Code[2] provides that if there is included in a decedent's gross estate property received by him from any person within 5 years prior to his death, or received by gift, bequest, devise or inheritance from any person who died within 5 years prior to his death, a deduction may be taken subject to six conditions.[3] Those conditions are: (1) The property must have been received within 5 years prior to decedent's death; (2) it must be identified as the same property which the decedent received or as property acquired in exchange therefor; (3) it must have formed a part of the gross estate, situated in the United States, of the prior decedent; (4) an estate tax must have been paid by such prior estate; (5) the prior decedent, at the time of his death, must not have been the spouse of the present decedent, and (6) no such deduction in respect of the property, or property given exchange therefor, must have been allowable in determining the value of the net estate of the prior decedent.

Plaintiffs, in seeking to establish all of Henry Weil's *individual* property (except for that part—$102,325.72—used to pay administration expenses prior to receipt of the Rosenheim property) as property previously taxed, assert that all of these conditions have been met, and apparently there has been a *prima facie* compliance. The estate of Elsie Weil received the property in question within 5 years of Henry Weil's death; it can be identified as the property received; it formed a part of Henry Weil's gross estate; an estate tax was paid on the gross estate; the relationship between the two decedents was not the proscribed one of husband and wife, and, lastly, no *apparent* deduction was sought or allowed on the property in determining the net value of that portion of Henry Weil's estate which is claimed as tax-deductible property in the Elsie Weil estate.

██ It is a familiar rule of law, however, that a thing may be within the letter of a statute and yet not be within the statute, because not within its spirit, nor within the intention of its makers.[4] Frequently it must be construed in the light of other provisions of the statutes.

In order correctly to assess the legal significance of the transaction in question here it becomes necessary, therefore, to look beyond its mere form. When we do this, we find that in charging practically all liabilities to property previously taxed in order to enlarge the amount of property that would be free of taxation in the successor estate of Elsie Weil, the administrator of Henry Weil's estate would thereby enable the Elsie Weil estate to gain advantages which were not the kind of benefits which the Congress intended to make available to decedents' estate when it authorized the deduction for property previously taxed.

This court's trial commissioner has found that

"In administering the estate of Henry L. Weil, his administrator * * * paid administration expenses, debts, and estate taxes owed by his estate, to the maximum extent practicable, out of principal assets identified as having been received by his estate from Bertha Rosenheim. * * * The administrator had in mind * * * that to the extent that administration expenses,

2. Ibid.

3. Treas.Reg. 105, § 81.41(a) (1949).

4. Rector, etc., of Holy Trinity Church v. United States, 143 U.S. 457, 459, 12 S. Ct. 511, 36 L.Ed. 226 (1892).

debts, and estate taxes were paid out of property inherited by Henry L. Weil from Bertha Rosenheim, the previously taxed property deduction in the estate of Elsie Weil, if she died within 5 years of Henry L. Weil, would be greater and the estate tax payable by her estate would thus be less." [5]

■ The primary purpose of section 812(c) is to prevent a double tax on the same property within a comparatively short period of time.[6] Manifestly it was not meant to be used by the administrator of one estate, through a bookkeeping device, to enable the executors of the estate of his own legatee to reduce the taxes otherwise payable.

Moreover, the Congress amended section 812(c) in 1934 to provide that inherited property could not enjoy the property previously taxed deduction in an estate if the same property had been the subject of a similar deduction in the estate from which the property was inherited.[7] In the words of the Seventy-third Congress:

"The amendment [section 402 of the Revenue Act of 1934] makes it clear that no deduction will be allowable for prior taxed property, unless it appears not only that the property was included in the gross estate of the prior decedent from whom the property was acquired, but also that the estate of such prior decedent was not entitled to a deduction for such property in determining the value of the net estate of the prior decedent." [8]

Thus the 1934 amendment clearly indicates a congressional intent to give the benefit of the property previously taxed deduction only to the one decedent (here, Henry Weil), not to his legatee or statutory heir.

It is, therefore, quite evident that Henry Weil's administrator, in attempting to employ the property previously taxed deduction authorized by section 812 (c) to increase the property previously taxed deduction in the successor estate of Elsie Weil and to reduce the estate tax payable by her estate, was enlisting section 812(c) in the service of a cause which was not within the purpose or intent of the congressional enactment. The estate of Henry Weil enjoyed the benefit of the deduction for the Rosenheim property, and that was as far as the 1934 amendment intended that it should go.

Upon the precise point at issue here there apparently has been no direct adjudication. However, several litigated cases have defined more precisely the availability of property previously taxed in decedents' estates and these are not without useful precedent in the proper disposition of the case at bar.

■ Where, as here, the issue concerns the *amount* of property inherited from the prior estate and allowable as property previously taxed in the estate of the second decedent, the decision does not turn on whether the second decedent dies before the debts, expenses, and taxes of the prior estate have been discharged and the prior estate distributed or whether the second decedent actually received a part or all of the prior estate before his death. In both situations the basic issue is whether the second decedent is entitled to deduct his prior decedent's *gross* estate or only his *net* estate. We believe

5. Finding 19.

6. H.R.Rep. No. 767, 65th Cong., 2d Sess. 22–23 (1918).

7. Revenue Act of 1934, ch. 277, § 402, 48 Stat. 753.
   "Paragraph (2) of subdivision (a) and paragraph (2) of subdivision (b) of section 303 of the Revenue Act of 1926, as amended, are amended by inserting before the period at the end of the second sentence of each such paragraph a comma and the following: 'and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this paragraph in respect of the property or property given in exchange therefor.' "

8. H.R. Rep. No. 704, 73d Cong., 2d Sess. 36 (1934).

the sounder view on this question is expressed in Bahr v. Commissioner,[9] which held that only the net estate of the prior decedent should be treated as property previously taxed in the estate of the second decedent.

The question of the amount deductible presents itself in a slightly different form, but with essentially the same result, where the second decedent, while still alive, receives a part or all of the prior decedent's estate. In this situation the second decedent may attempt to enlarge the property previously taxed allowance in his own estate by discharging the debts, expenses, and taxes of the prior estate out of his own separate property, or out of some other fund, such as income earned by the corpus of the prior estate. To claim the gross amount as deductible (regardless of the theory) is obviously in conflict with the net estate rule. The courts, with exceptions, have resolved the conflict implicit in this situation by upholding the net estate rule, rationalizing the result on the basis of congressional intent. This court, for instance, permitted only the net estate to be deducted in the case of Bloedorn v. United States.[10] There the husband died leaving his entire estate to his wife, who paid the Federal estate tax out of her own funds. The wife died within 5 years, and, her husband's property having maintained its separate identity, her estate claimed the *gross* amount of the husband's estate as property previously taxed. Despite the fact that the estate taxes had, in fact, been paid without depleting the gross estate, we refused to permit the net estate allowable as property previously taxed to be increased by the use of such funds, holding that, under section 812(c), the wife's estate was entitled to deduct only the net amount of the husband's gross estate even though some of its liabilities had been discharged with

separate funds. Recognizing that the wife's estate, in paying the taxes out of separate funds, had no doubt complied with the letter of the law, we nevertheless disallowed the claim for the gross amount permitting only the net amount of the inheritance to be deducted. It was not the intention of the Congress, we said, to discriminate between taxpayers—those financially able to increase the property previously taxed in their own estates and those unable to do so—with the resulting loss of revenue.

In summary, several principles have emerged from the cases which may be stated as follows: The objective sought to be attained by the second estate by means of the deduction must be within the intent of the Congress—a mere compliance with the letter of the law is not enough; the amount claimed must be the net estate, not the gross estate, and the gross estate cannot be substitued for the net estate as a deduction simply by paying its obligations out of the separate funds of the successor decedent.

Plaintiffs in their argument rely on those cases which have interpreted section 812(c) to mean that an inheritor cannot deduct under that section more than the *net* value of his inheritance, and they distinguish their case from those where the obligations of the prior estate were paid out of the second decedent's separate property, emphasizing that *all* of the estate taxes, debts, and administration expenses of the estate of Henry L. Weil were in fact paid out of the *principal* of his gross estate. Further, they rely upon the decision of the District Court for the Eastern District of Wisconsin in the case of Horlick v. Kuhl[11] to support their contention that the limitation on deductibility imposed by the 1934 amendment[12] can be avoided by "judicious" selection of the assets distributed as legacies.

9. 119 F.2d 371 (5th Cir.), cert. denied, 314 U.S. 650, 62 S.Ct. 95, 86 L.Ed. 521 (1941).

10. 116 F.Supp. 133, 126 Ct.Cl. 591 (1953), cert. denied 347 U.S. 954, 74 S.Ct. 675, 98 L.Ed. 1100.

11. 62 F.Supp. 168, 176 (1945).

12. The deduction is not available if the prior decedent's estate received the benefit of a property previously taxed deduction with respect to the original property.

The pertinent part of the Horlick case involved certain property in the estates of three decedents—a father (who left a gross estate valued at $17,000,000), his daughter, and his son, all of whom died in that order within a period of 5 years from July 6, 1938. At the son's death, his executors filed an estate tax return of almost $1,000,000 and the Commissioner assessed an additional tax of $165,000. An action to recover claims on six grounds was subsequently commenced. Plaintiffs rely upon Claim 5. There the daughter had bequeathed her brother, the son, $100,000, and at his death the legacy had not been paid. His executors deducted it in his estate as previously taxed property. This was disallowed. The question was one of identifying the legacy as property taxed in the prior estate of the daughter, but not in that of the father. The court found that the executors of the son and daughter had selected two items in the daughter's estate which had not been previously taxed in the father's estate. "To avoid further extending this long opinion," the court stated a minimum of facts and did not discuss its reasons, but merely concluded that the $100,000 had been "sufficiently identified by the plaintiff as property which formed part of the gross estate * * * of a prior decedent * * * on whose estate an estate tax was paid." If issues were raised other than the identity of the property, there is no indication of it in the brief opinion. It may be implied on the facts given that the case holds that the second decedent simply deducts the gross amount of the property which he receives from the prior estate. As we have seen, this is not the law, at least not in those cases where *all* of the prior estate (presumably Horlick involves one legacy of several) passes to the second decedent. For this reason, and because we do not know the nature of the property used to discharge the taxes and other obligations payable by the prior (daughter's) estate, whatever the Horlick case may be said to hold, we do not think it a proper precedent in the case at bar.

Plaintiffs, in relying upon the net estate rule (as extended to include discharge of obligations of the prior estate from the decedent's separate property) overlook the significance, for their own argument, of the source from whence came this limitation on the amount deductible. The fact is these limitations have been imposed by the courts in order to prevent decedents' estates from using the deduction for purposes the Congress never intended that it should be used. The same reasons which called forth these limitations now compel this court to go a step further and restrict the use of property deductible as previously taxed property in prior estates in connection with claims for the same type of deduction in a successor estate, just as it has done in regard to the use of a second decedent's separate property for the same purpose.

We must clearly distinguish between the net amount of property representing an entire prior estate and the net amount of property representing only a portion of a prior estate; for this case teaches us that the latter may in fact represent the *gross* amount (with minor deductions) of all the *taxable* property in the prior estate.

Thus, in the case at bar, the plaintiffs are claiming as a deduction what amounts to the gross amount of the taxable prior estate. But instead of using separate funds of the second decedent to effect this, they are using other funds in the prior estate (Elsie Weil's property also, even though not in possession, because she became legally entitled to it upon her brother's death) which have a special status by virtue of the very law on which their claim is based. We think that, for purposes of the 1934 amendment to section 812(c), the result of the cases should be the same, whether the second decedent attempts to use his own separate funds or funds he inherits untaxed from the prior estate as property previously taxed, that is, only the net amount, or proportionate net amount, of the prior taxable estate should be allowable as a deduction in his own estate. When the second

decedent inherits all of the property in the prior estate, any property deductible in that estate as property previously taxed becomes, as to his own estate, analogous to the use of his own separate property insofar as its availability for discharging the obligations of the prior estate is concerned and should be governed by the same rule.

Property deductible in the prior estate by virtue of section 812(c) becomes taxable in the second estate. If the second decedent is free to treat such property as having discharged estate taxes generated by the nondeductible property in the prior estate, it results in an increase of property previously taxed in the second estate. The greater the deduction in the successor estate, the greater the loss of revenue from that estate. The second decedent's individual property is also subject to the estate tax. If such property may be used to discharge the obligations of the prior estate, it too escapes taxation in the second estate to the extent that it is used to increase the tax-exempt property in the second estate. If the latter practice is not within the ambit of section 812(c), as we have held, it must follow that neither is the former. Both practices are subject to censure for the same reason. There is, in fact, an even stronger case for the disallowance of the use of property previously taxed for the purpose as claimed by plaintiffs, because the Congress has expressly provided that property is not allowable as property previously taxed in successive estates. Although there might be some question, because of the literal language of section 812(c), of the "identity" of the property so used, there can be little doubt that in using property deducted as previously taxed in the prior estate to create additional property previously taxed in the second estate, there is, in substance, a mere substitution of the two classes of property in the prior estate, so that when the taxable property of the prior estate appears in the second estate in an amount equal to its net amount plus the amount of estate taxes payable by it, the increment over real net amount is nothing more than the tax-exempt property of the prior estate appearing in a different form in the second estate but claiming the same benefit. To allow plaintiff to recover would permit the Elsie Weil estate, in effect, to enjoy a second deduction on a part of the Rosenheim property which she had received through the Henry Weil estate. Such a second deduction is specifically forbidden in the 1934 amendment to section 812(c), *supra*.

In addition (except in a case where a testator otherwise directs in his will or other instrument), the New York State law requires that Federal estate taxes be apportioned and paid out of the estate as a whole, and that such taxes, administration costs, and other charges shall be apportioned ratably among the persons interested in the estate.[13]

We therefore conclude that plaintiffs, in charging estate taxes payable by Henry Weil's estate, have frustrated the congressional intent that property previously taxed shall not be deducted in successive estates, and, for purposes of Elsie Weil's estate tax return, the taxable property in Henry Weil's estate shall be treated as if it had in fact borne its proportionate share of Henry Weil's estate taxes, as determined by the Commissioner of Internal Revenue, with the resulting liability for additional taxes as assessed.

Accordingly, plaintiffs' petition is dismissed.

DAVIS, DURFEE, LARAMORE, and WHITAKER, Judges, concur.

---

13. See section 124, Decedent Estate Law, 13 McKinney's Consolidated Laws of New York, Annotated, c. 13; also Tax Law, 59 McKinney's Consolidated Laws of New York, Annotated c. 60 (Part 2), § 249-s. See also Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106, as to applicability of state law in payment of taxes out of estate as a whole.